UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAPFRE TEPEYAC, SA, | § | |
|     *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-05-1908 |
| | § | |
| ROBBINS MOTOR TRANSPORTATION, INC., AND | § | |
| LOUISIANA TRANSPORTATION, INC., | § | |
|     *Defendants*. | § | |

### MEMORANDUM AND RECOMMENDATION AND ORDER

Cross-Defendant Louisiana Transportation, Inc. has filed a motion to dismiss Robbins Motor Transportation, Inc.'s cross-claim (Dkt. 23). Robbins has filed a response (Dkt. 31)[1], as well as a motion for leave to amend its cross-claim (Dkt. 29). The court grants the motion for leave to amend, and recommends that the motion to dismiss be granted to the extent it seeks dismissal of claims asserted in the first amended complaint.

### MOTION FOR LEAVE TO AMEND

The deadline for amending pleadings under the scheduling order in this case is February 1, 2006. Under Federal Rule of Civil Procedure 15, leave to amend should be freely granted when justice requires. Discovery in this case has only just begun. There is no good cause for denying leave to amend. The court grants Robbins's motion. The court considers Louisiana Transportation's motion to dismiss in light of the first amended cross-claim.

---

[1] In its response, Robbins seeks rehearing of this court's ruling denying an extension of time to respond to the motion to dismiss until Robbins could conduct discovery. That motion is denied.

**MOTION TO DISMISS**

    A.    **Legal Standard**

A district court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Thus, the Court must determine whether the complaint states any valid claim for relief in the light most favorable to the plaintiff and with every doubt resolved in the plaintiff's behalf. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Manguno*, 276 F.3d at 725. However, the plaintiff must plead specific facts, not mere conclusory allegations or unwarranted deductions of fact, in order to avoid dismissal for failure to state a claim. *Collins*, 224 F.3d at 498; *United States v. Humana Health Plan of Texas*, 336 F.3d 375, 379 (5th Cir. 2003); *Jones v. Alcoa*, 339 F.3d 359, 362 (5th Cir. 2003).

    B.    **Analysis**

Plaintiff Mapfre Tepeyac, SA, has sued Robbins alleging that an injection molding machine transported by Robbins from New Braunfels, Texas to Zapopan, Jalyseo, Mexico was damaged in transport. Plaintiff seeks damages of $18,823.95.[2] Robbins contends that it had nothing to do with the transportation of the cargo. In its cross-claim, Robbins alleges that Louisiana Transportation was

---

[2] Plaintiff initially sued both Robbins and Louisiana Transportation, but voluntarily dismissed Louisiana Transportation without explanation.

the carrier and asserts causes of action against Louisiana Transportation for negligence, contribution, indemnity, and conversion.

Louisiana Transportation contends that any action for negligence is preempted by the Carmack Amendment of the Interstate Commerce Act, 49 U.S.C. § 14706, which sets forth the exclusive remedy for a claim against a carrier for lost or damaged cargo. Louisiana Transportation further argues that Robbins has no claim for contribution or indemnity because there is no contract or agreement between the parties.

### 1. Negligence

Robbins alleges that Louisiana Transportation's negligence caused the damage to the cargo. The Carmack Amendment provides the exclusive cause of action for loss or damage to goods transported in interstate commerce. *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003).

The Supreme Court has articulated the following rule for determining whether a shipment took place in interstate commerce:

> Neither continuity of interstate movement nor isolated segments of the trip can be decisive. The actual facts govern. For this purpose, the destination intended by the passenger when he begins his journey and known to the carrier, determines the character of the commerce.

*New York, N.H. & H. R. Co. v. Nothnagle*, 346 U.S. 128, 130 (1953). Robbins has alleged that Louisiana Transportation did not know the destination of the cargo, and therefore this shipment did not occur in interstate commerce.[3] This allegation is inconsistent with Robbins's further factual allegation that Louisiana Transportation arranged for the cargo to be transported to its ultimate

---

[3] First Amended Cross-claim, ¶ VII, at 3.

destination in Mexico.[4]  The court need not determine whether the intrastate nature of the transportation takes this case out of the scope of Carmack Amendment preemption because there is a more fundamental flaw with Robbins's negligence claim.

Every litigant must establish standing, that is the right to seek a court decision on the merits of the action.  *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11-12 (2004).  Standing jurisprudence contains two strands:  Article III standing and prudential standing.  *Id.*  Prudential standing generally prohibits a litigant from raising another's legal rights.  *Id.* at 12.  There are situations in which a party has standing to assert the rights of third parties under the doctrine of *jus tertii*, but this is not one of them.  *See Powers v. Ohio*, 499 U.S. 400, 410-11 (1991) (exception to the fundamental restriction that a litigant must assert his own rights requires satisfaction of three criteria:  the litigant must have suffered an injury-in-fact, the litigant must have a close relation to the third party, and there must be some hindrance to the third party's ability to protect his own interests).  Robbins does not have standing to sue for damage to the property of another.

Robbins's argument that the Carmack Amendment does not bar its negligence claim because it was not the shipper of the goods highlights another deficiency in its claim.  In order to prevail on a cause of action for negligence, Robbins must establish the existence of a duty, a breach of that duty, and damages proximately caused by the breach.  *Western Invest., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).  Robbins insists that it is a stranger to the transportation of the cargo.  It alleges no ownership or possessory interest in the cargo, and it alleges no contractual or other arrangement with Louisiana Transportation involving the transport of the cargo.  Robbins has not alleged, and as a

---

[4]   First Amended Cross-claim, ¶ VI, at 2.

matter of law cannot allege, that Louisiana Transportation owed to Robbins a duty of care to safely transport the cargo. Louisiana Transportation is entitled to dismissal of Robbins's negligence claim.

### 2.  Contribution

Contribution is a claim by a defendant for recovery from another of a portion of damages for which defendant is liable to the plaintiff. A right of contribution is created by statute in Texas. TEX. CIV. PRAC. & REM. CODE § 33.016. A defendant may assert a contribution claim in the plaintiff claimant's action against any non-settling party from whom the claimant is not seeking relief. *Id.*[5] Plaintiff, for unknown reasons, has chosen not to proceed against Louisiana Transportation.

Robbins asserts that Louisiana Transportation is liable for all of plaintiff's damages, a claim in the nature of indemnity not contribution. Robbins does not make the alternative assertion that Louisiana Transportation is jointly liable with Robbins. Robbins's first amended cross-claim does not state a claim for contribution against Louisiana Transportation.

### 3.  Indemnity

Indemnity is a means of shifting the entire burden of loss from one tortfeasor to another. *B & B Auto Supply Sand Pit and Trucking Co. v. Central Freight Lines, Inc.*, 603 S.W.2d 814, 816 (Tex. 1980). There is no common-law right of indemnity between joint tortfeasors under Texas law. Common-law indemnity is inconsistent with Texas's system of comparative negligence as codified in art. 2212a. *Id.* Indemnity is recognized only in three instances: (i) when there is a contractual basis for indemnity; (ii) when one party's liability is purely vicarious; or (iii) when the party seeking indemnity is an innocent product retailer. *Aviation Office of America, Inc. v. Alexander & Alexander*

---

[5] The parties treat contribution and indemnity as one cause of action instead of as distinct theories of recovery having different requirements. Louisiana Transportation's motion, which cites no Texas law, focuses only on the absence of a contract between the parties.

*of Texas, Inc.*, 751 S.W.2d 179, 180 (Tex. 1988).  This case does not fit on of the three recognized situations giving rise to a right of indemnity.  Robbins's indemnity cross-claim must be dismissed.

### D. Conversion

"Conversion is the wrongful exercise of dominion or control over the property of another in denial of, or inconsistent with, the other's rights in the property." *US Bank, N.A. v. Prestige Ford Garland Ltd.*, 170 S.W.3d 272, 276 (Tex. App. – Dallas 2005, n.p.h.).  The elements of a cause of action for conversion are:

> (1) the plaintiff owned, had legal possession of, or was entitled to possession of the property; (2) the defendant assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with the plaintiff's rights; (3) the plaintiff made a demand for the property; and (4) the defendant refused to return the property.

*French v. Moore*, 169 S.W.3d 1, 13 (Tex. App. – Houston [1st Dist.] 2004, no pet.).  The elements of demand and refusal are necessary only where the defendant obtained possession legally but thereafter converted the property to its own use. *Id.* (citing *Presley v. Cooper*, 284 S.W.2d 138, 141 (1955)).

Robbins alleges that Louisiana Transportation took Robbins's trailer without permission and used it to transport the cargo in question.  Robbins asserts that Louisiana Transportation is therefore liable for any damage resulting from its unauthorized use of the trailer.  Because this claim was not asserted in Robbins initial cross-claim, Louisiana Transportation has not yet moved for it to be dismissed.  This claim remains pending further motion by Louisiana Transportation.

### ORDER AND RECOMMENDATION

For the reasons discussed above, it is ordered that Robbins's motion to leave to file a first amended cross-claim (Dkt. 29) is granted.  It is recommended that Louisiana Transportation's motion

to dismiss (Dkt. 24) Robbins's claims for negligence, contribution, and indemnity be dismissed. Robbins's claim for conversion remains pending.

The parties have ten days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* FED. R. CIV. PRO. 72.

Signed at Houston, Texas on December 27, 2005.

Stephen Wm Smith
United States Magistrate Judge